CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 1 0 2005

JOHN F. CORCORAN, CLERK
BY /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD RONTE JACKSON,<br>    Petitioner, | )<br>)<br>) | Civil Action No. 7:04cv00646 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>) | By: Jackson L. Kiser<br>Senior U.S. District Judge |

    Petitioner Richard Ronte Jackson, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On July 29, 2003, petitioner pled guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), pursuant to a written plea agreement. Petitioner also agreed to the forfeiture of certain real properties based on the drug trafficking and money laundering pleas. Additionally, the plea agreement contained a waiver of petitioner's right to appeal and to attack his conviction and sentence collaterally. On October 20, 2003, petitioner was sentenced to 262 months imprisonment, followed by a term of 5 years of supervised release.

    Petitioner did not file a direct appeal following his conviction. He filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on or about October 20, 2004. Respondent, through counsel, has filed a response and a motion to dismiss petitioner's motion. The court notified petitioner of respondent's answer as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and advised petitioner that his failure to reply to respondent's answer may result in summary judgment being granted for the respondent. The petitioner has responded, thus making the underlying matter ripe for disposition. Upon review of the record, the court will grant the respondent's motion to dismiss and deny petitioner's motion.

In his motion, petitioner raises the following challenges to his conviction:

1)  Petitioner's attorney was ineffective in that he allowed Petitioner's guideline and statutory sentence to be set on the premise that Petitioner's offense conduct involved cocaine base rather than powder cocaine;

2)  Petitioner's attorney was ineffective in that he failed to argue that Petitioner's guideline sentence was enhanced using aggrivating factors which were neither admitted by the Petitioner nor found by a jury beyond a reasonable doubt; and

3)  Petitioner's attorney was ineffective in that he allowed Petitioner to forfeit his interest in certain real properties.

Additionally, petitioner claims that his guilty plea, and thus his waiver of collateral attack rights, was unknowing and involuntarily entered. Specifically, petitioner claims that during the plea hearing he only plead guilty to conspiracy to possess with the intent to distribute more than 50 grams of "crack" cocaine and heroin, rather than the cocaine base for which he was later sentenced. And therefore, he should be able to pursue relief pursuant to 28 U.S.C. § 2255.

I.  **Analysis**

A review of petitioner's signed plea agreement shows that he agreed to waive his rights to raise an appeal regarding any issues related to this case and to waive his right to collaterally attack his conviction. Specifically, petitioner agreed:

10.  I understand that I will have a copy of my presentence report well in advance of my sentencing hearing and that I will have an opportunity to go over it with my attorney and may file any objection to all or parts of it that I feel are not correct. I understand that I will have an opportunity at the sentencing hearing to bring witnesses, to cross-examine the government's witnesses, and to demonstrate to the Court what an appropriate sentence would be under the Guidelines. I agree that after that full and fair sentencing hearing, that I will not then appeal sentencing guidelines factors of the Court's application of the sentencing guidelines factors to the facts of my case. I am

2

> knowingly and voluntarily waiving any right to appeal sentencing guidelines factors, and am voluntarily willing to rely on the Court in sentencing me under the sentencing guidelines. I understand that the United States reserves the right to appeal any downward departure from the Guidelines.
>
> 11. I agree to waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court.

(Plea Agreement, p. 7, ¶¶ 10, 11).

Given that petitioner waived his right to bring a collateral attack under 28 U.S.C. § 2255, the court must determine whether the waiver is enforceable, and if so, whether the challenge to petitioner's sentence falls within the scope of that waiver. Moon v. United States, 181 F.Supp.2d 596, 598, (E.D. Va. 2002); see also United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). The Fourth Circuit has held that a criminal defendant may waive his right to attack his conviction and sentence collaterally as long as the waiver is knowing and voluntary. United States of America v. Lemaster, 403 F.3d 216 (4th Cir. 2005); United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000). Whether the waiver in "knowing and intelligent" depends "upon the particular facts and circumstances surrounding [its making], including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid. See Brown, 232 F.3d at 405-06. Furthermore, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford

3

v. United States, 519 F.2d 347, 350 (4th Cir. 1975). However, "[a]n express knowing waiver will not bar appeal of a sentence when the sentence was (1) imposed in excess of the maximum penalty provided by law or (2) based on a constitutionally impermissible factor such as race." Brown, 232 F.3d at 403 (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)).

During the plea colloquy in the instant case, the court inquired as to Jackson's understanding of the charges against him. Specifically, the court conducted the following inquiry:

> THE COURT: Have either you or your attorney received a copy of the indictment?
> THE DEFENDANT: Yes.
> THE COURT: Have you had a chance to discuss that fully with your attorney?
> THE DEFENDANT: Yes.
> THE COURT: Have you discussed with him your various options as to what defense you might have in this case?
> THE DEFENDANT: Yes.
> THE COURT: Has he responded to your questions and your suggestions to your satisfaction?
> THE DEFENDANT: Yes.
> THE COURT: Do you understand the charges in counts ten(10), one(1), and ten(10)?
> THE DEFENDANT: Yes, I do.
> THE COURT: Do you understand what the maximum statutory penalities could be in those two counts? That is, the most time you could get. Do you understand that?
> THE DEFENDANT: Yes.
> THE COURT: You understand that in count one, you could be sent to prison for life. You understand that that is a possibility?
> THE DEFENDANT: Yeah.
> THE COURT: You understand that in count one that the very minimum time that you could get is ten (10) years.
> THE DEFENDANT: Yes.

(Tr. of Guilty Plea, July 29, 2003, p. 10).

The court reviewed with petitioner the application of the sentencing guidelines and outlined the constitutional rights petitioner forfeited by pleading guilty. (Id. at pp. 11-13). Petitioner indicated that he understood the rights he was giving up. (Id.). Petitioner also stated that he understood the

4

possible maximum penalties and fines that may have been imposed at sentencing. (Id.). The court also reviewed the plea agreement and petitioner again averred that he understood the terms of that agreement and had ample opportunity to review the agreement both independently and with his attorney. (Id. at pp. 14-19). Finally, the court determined that petitioner was fully competent to enter a guilty plea and that his plea was knowingly and voluntarily made. (Id. at p. 19).

The court specifically questioned petitioner regarding the waiver provision of the plea agreement relating to his right to collaterally attack his sentence and conviction, and petitioner attested that he understood that he waived that right. (Id. at p. 17). The court, therefore, finds that petitioner's representations at the plea colloquy support a finding that the waivers in the written plea agreement were knowingly and voluntarily made. Thus, the court concludes that petitioner's waiver of his right to bring a collateral attack under 28 U.S.C. § 2255 is valid and enforceable.

Finding that the waiver is valid, the court must now determine whether petitioner's claims are included within the scope of the waiver. Applying the same principles that the Fourth Circuit has applied in its analyses of waivers of appeal rights, claims asserting that the waiver was unknowingly or involuntarily made, that the sentence imposed was in excess of the maximum penalty provided by law, or that the sentence was imposed based on a constitutionally impermissible factor, such as race would be outside the scope of the waiver. See Attar, 38 F.3d at 732-33. After reviewing the record, the court finds that none of these factors are applicable here.

Petitioner claims that this waiver was unknowingly or involuntarily entered because he believed he was pleading guilty to possession of 50 or more grams of crack cocaine rather than cocaine base. However, the Fourth Circuit has held that "the term 'cocaine base' includes cocaine freebase, commonly referred to as crack." United States v. Perkins, 108 F.3d 512, 518 (4th Cir.

5

1997), quoting United States v. Pinto, 905 F.2d 47, 50 (4th Cir. 1990). Additionally, the plea agreement specifically states "I will enter a plea of guilty to Counts One and Ten of the Indictment, charging me with conspiracy to possess with intent to distribute more than 50 grams of **cocaine base**." (Pl. Agreement, p. 3, ¶ 2)(emphasis added). Accordingly, it is apparent that at the time of the plea hearing petitioner was well aware that he was indicted for and pleading guilty to possession with intent to distribute more than 50 grams of cocaine base.

Petitioner's does not allege that the sentence of 262 months exceeded the statutory maximum for the charges for which he was convicted nor does he allege that his sentence was premised on any constitutionally impermissible factors. Thus, petitioner's claims fall within the scope of the plea agreement waiver, and are, therefore, not cognizable claims for post conviction relief in a motion brought pursuant to 28 U.S.C. § 2255. Accordingly, I will grant the respondent's motion to dismiss and deny Jackson's motion for relief pursuant to 28 U.S.C. § 2255.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within

such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 10th day of June, 2005.

/s/ Jackson L. Kiser
Senior U.S. District Judge