CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 12 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RICHARD RONTE JACKSON,** Petitioner, | ) ) ) Civil Action No. 7:04cv00646 |
| v. | ) **MEMORANDUM OPINION** |
| **UNITED STATES OF AMERICA,** Respondent. | ) ) By: Jackson L. Kiser ) Senior U.S. District Judge |

This matter is before the court upon petitioner Richard Ronte Jackson's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On June 10, 2005, this court entered an order dismissing all claims raised in Jackson's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner now seeks to have this court vacate that order and hold an evidentiary hearing. Upon review of the present motion, I conclude that it must be dismissed.

Rule 59(e) allows an aggrieved party to file a motion to alter or amend a judgment within ten days of its entry. "While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." Rouse v. Nielsen, 851 F.Supp. 717, 734 (D.S.C. 1994) quoting Keyes v. National R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991).

Here, petitioner does not argue either that an intervening change in the law has occurred or

that previously unavailable evidence has now become available. Rather, he asserts that this court misapplied the law and failed to follow proper judicial procedure in the dismissal of his claim. However, petitioner fails to point to any evidence of error and simply restates his claims. This motion "is no more than an expression of a view of the law contrary to that set forth in the Court's opinion. Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879 (E.D. Va. 1977). Petitioner has offered nothing here to demonstrate that this court's opinion was not factually supported or legally justified given the facts as presented by the parties in the underlying § 2255 petition. While petitioner may disagree with the outcome of his case, such disagreement does not support a Rule 59(e) motion. See, Hutchinson, 994 F.2d at 1082. Accordingly, I find that there is no basis upon which to alter or amend the order dismissing his petition, thus I will deny this motion.

The Clerk is directed to send a certified copies of this memorandum opinion and accompanying order to the petitioner and counsel of record for the defendants.

ENTER: This 12'7th day of July, 2005.

/s/ Jackson L. Kiser
Senior U.S. District Judge